UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| ADRIAN GILLIARD,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | § | C.A. NO. 6:20-CV-00278-ADA-JCM |
| | § | |
| COURTNEY LUMME, et. al.,<br>    Defendants. | §<br>§<br>§<br>§<br>§ | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE ALAN D ALBRIGHT,
    UNITED STATES DISTRICT JUDGE

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court are Defendants Fuller, Sims, and Skinner's Motions to Dismiss in Their Official Capacities ("FSS Mot. to Dismiss Official Capacity," ECF No. 10) and in Their Individual Capacities ("FSS Mot. to Dismiss Individual Capacity," ECF No. 11), Defendant Wallrath's Motion to Dismiss ("Wallrath Mot. to Dismiss," ECF No. 12), Defendants Lumme and Downs's Motion to Dismiss ("LD Mot. to Dismiss," ECF No. 18), Defendants Gatlin, Spence, and Baker's Motion to Dismiss ("GSB Mot. to Dismiss," ECF No. 28), and the responses and replies thereto. Also before the Court is Plaintiff's Motion to Amend Complaint ("Pl.'s Mot. to Amend," ECF No. 17).

For the following reasons, the Court **RECOMMENDS** that Plaintiff's Motion to Amend Complaint be **DENIED** and that Plaintiff's Complaint be **DISMISSED WITHOUT**

1

**PREJUDICE** for lack of subject matter jurisdiction. Additionally, the Court **RECOMMENDS** that any remaining Motions pending in this matter be **DENIED AS MOOT.**

## I.  BACKGROUND

In a winding, thirty-one page complaint, Plaintiff Adrian Gilliard, proceeding *pro se*, seeks redress for alleged violations of law surrounding the Texas Department of Family Protective Services ("TxDFPS") taking Plaintiff's children into custody. *See generally* Pl.'s Compl. It appears that Plaintiff seeks redress under a number of statutes, including the Americans with Disabilities Act ("ADA") and 28 U.S.C. § 1983. *See* Civil Cover Sheet, ECF No. 1-1.

Plaintiff's Complaint largely centers on his dissatisfaction with the state-court proceedings that terminated his parental rights and the subsequent appeals process. *See generally* Pl.'s Compl. Plaintiff seeks a variety of relief, including, among other requests, the revocation of "all licenses and certifications" held by the Defendants named in the case, termination of Defendants' employment from TxDFPS, $3,000 for the loss of a 2002 Toyota Corolla, $1,000 for an electric bill, and a "federal and Congressional investigation" based on Plaintiff's Complaint. *Id.* at 28-30.

## II.  LEGAL STANDARD

Federal courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and statute. *Xitronix Corp. v. KLA-Tencor Corp.*, 916 F.3d 429, 435 (5th Cir. 2019). Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. Fed. R. Civ. P. 12(b)(1). Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or

(3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).

### III. DISCUSSION

**A. Plaintiff's Complaint fails to invoke the Court's limited subject matter jurisdiction.**

Each of the Motions to Dismiss before the Court argues that, under Rule 12(b)(1), Plaintiff fails to invoke the Court's limited subject matter jurisdiction. *See* FSS Mot. to Dismiss Official Capacity at 3; FSS Mot. to Dismiss Individual Capacity at 3; Wallrath Mot. to Dismiss at 2; LD Mot. to Dismiss at 7; GSB Mot. to Dismiss at 7. While the Motions vary on the reasons provided for dismissal under 12(b)(1), at least two Motions invoke the *Rooker-Feldman* doctrine. *See* LD Mot. to Dismiss at 9; GSB Mot. to Dismiss at 9. Because the application of the doctrine disposes of all parties and claims in this matter, the Court will solely address this argument.

The *Rooker–Feldman* doctrine acts to deprive a federal district court of subject matter jurisdiction to review a final state court decision arising out of a judicial proceeding unless a federal statute specifically authorizes such review. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal courts lack jurisdiction "over challenges to state court decisions ... arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional"); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 414–16 (1923) (federal district courts do not have appellate jurisdiction to reverse or modify judgment of state court).

This jurisdictional bar is not limited to actions in federal court that explicitly seek review of a state court decision, but also extends to those "in which the constitutional claims presented ...are inextricably intertwined with the state court's grant or denial of relief." *Evans v. Williamson Cty. Gov't, Tex.*, No. A-15-CV-436-SS, 2015 WL 4621449, at *4 (W.D. Tex. May 28, 2015),

report and recommendation adopted, No. A-15-CA-436-SS, 2015 WL 4624708 (W.D. Tex. July 31, 2015) (quoting *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986)). A claim is "inextricably intertwined" with a state court judgment if, in order to find in the plaintiff's favor, the federal court would have to conclude that the state court wrongly decided the issues before it or would otherwise have to void the judgment. *Id.* Thus, the Fifth Circuit has long held that a plaintiff cannot circumvent the *Rooker–Feldman* doctrine merely by recasting a complaint in the form of a federal civil rights action. *Id.* (citing *Richard v. Hoechst Celanese Chem. Group, Inc.*, 355 F.3d 345, 352 (5th Cir.2003)) (additional citations omitted).

Despite the sheer breadth of Plaintiff's Complaint, each of his claims are inextricably intertwined with the state-court termination proceedings. Plaintiff acknowledges that he was unsuccessful at the state trial court proceeding. *See* Pl.'s Compl. at 28. Plaintiff was also unsuccessful during his subsequent appeal of the trial court decision. *See Interest of C.G.*, No. 10-19-00306-CV, 2019 WL 6464977 (Tex. App.—Waco Nov. 27, 2019), *review denied* (Jan. 24, 2020), *review denied* (Apr. 3, 2020). Plaintiff primarily takes issue with the outcome of the state-court termination proceedings, seeking the reversal of those decisions and damages therefrom. *See generally* Pl.'s Compl. Even Plaintiff's stranger claims (i.e. seeking recompense for pawned jewelry, reimbursement for an electric bill, and reimbursement for a 2002 Toyota Corolla) constitute a collateral attack on these state-court decisions.[1]

Plaintiff's invocation of various federal statutes does not remedy this jurisdictional shortcoming. Federal courts routinely apply the *Rooker-Feldman* doctrine in the context of

---

[1] Plaintiff's reimbursement claims are extremely difficult to understand, but it is clear that these grievances are related to the state-court proceedings. For instance, Plaintiff provides: "Leslie Walrath aligned herself with (TxDFPS) in not stating to court the children's wishes to return home but continued to ask judge Sam Bournias to not allow Becky Morgan give rides to Adrian Gilliard and Michelle Gilliard the places we needed. She was aware that our car was repossessed because of (TxDFPS) related i was disable and needed Becky morgan help with daily needs but also for my services, Wallrath always seemed to put obstacles in our paths, making comments that were very unprofessional. [sic]" Pl.'s Compl. at 26. Given Plaintiff's reference to the state-court trial judge, it is apparent that Plaintiff's dissatisfaction lies with state-court proceedings.

challenges to state-court termination proceedings. *See, e.g., Krasniqi v. Enoch*, 24 F.3d 237 (5th Cir. 1994); *Smith v. Texas Dep't of Child Protective Servs.*, No. CV H-18-3470, 2019 WL 3472867, at *5 (S.D. Tex. July 11, 2019)*, report and recommendation adopted*, No. CV H-18-3470, 2019 WL 3457677 (S.D. Tex. July 30, 2019).

Plaintiff's response to the invocation of the *Rooker-Feldman* doctrine, in part, appears to be a copy-and-pasted passage from a 2008 treatise. *See* Pl.'s Resp. to LD Mot. to Dismiss at 17.[2] It is unclear, however, what aspect of this treatise is applicable to the issue at bar. Plaintiff also avers that he is asking the Court to examine "constitutional rights violations that maybe happened within state court case, not to review the case." Pl.'s Resp. to GSB Mot. to Dismiss at 12. As noted, Plaintiff's attempts to recast his Complaint as a federal civil rights action does not circumvent the doctrine. *See Richard*, 355 F.3d at 352. Further, the finding of constitutional right violations that happened within the state-court proceedings would necessarily void the judgment. The *Rooker-Feldman* doctrine expressly forbids this kind of review. *See Evans*, 2015 WL 4621449, at *4.

Thus, the Court **RECOMMENDS** that Defendants Lumme and Downs's Motion to Dismiss and Defendants Gatlin, Spence, and Baker's Motion to Dismiss be **GRANTED IN PART** as to the *Rooker-Feldman* ground therein. The doctrine applies as to all parties and claims raised in Plaintiff's Complaint, and Plaintiff's Complaint should, therefore, be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. The Court **RECOMMENDS** that the remaining grounds in Defendants Lumme and Downs's Motion to Dismiss and Defendants Gatlin, Spence, and Baker's Motion to Dismiss be **DENIED IN PART AS MOOT.** Further, the Court **RECOMMENDS** that all remaining Motions to Dismiss be **DENIED AS MOOT.**

---

[2] Martin A. Schwartz (2008). *Section 1983 Litigation*. Federal Judicial Center.

**B. Plaintiff's Motion to Amend is futile and should be denied.**

Plaintiff also seeks to amend his Complaint. *See* Pl.'s Mot. to Amend. Plaintiff's proposed Amended Complaint totals seventy-three pages. *See id.* Rule 15(a) requires a trial court to "freely give leave when justice so requires." *N. Cypress Med. Ctr. Operating Co., Ltd v. Aetna Life Ins. Co.*, 898 F.3d 461, 477 (5th Cir. 2018). A district court must provide a "'substantial reason' to deny a party's request for leave to amend," such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ..., and futility of the amendment." *Brown v. Taylor,* 911 F.3d 235, 246 (5th Cir. 2018) (citing *N. Cypress Med. Ctr. Operating Co., Ltd.*, 898 F.3d at 477).

Although a *pro se* litigant should generally be afforded an opportunity to amend his complaint before it is dismissed, denial is nonetheless justified when the proposed amendment would be futile. *Mason v. Fremont Inv. & Loan*, 671 F. App'x 880, 883 (5th Cir. 2016) (internal citations omitted). Here, Plaintiff's proposed Amended Complaint suffers from the same jurisdictional defect previously identified in Section I (A), *supra.* Plaintiff's proposed Amended Complaint is still comprised of claims that are inextricably intertwined with the state-court judgment in that this Court would have to conclude that the state court wrongly decided the issues before it or would otherwise have to void the judgment. *See Evans*, 2015 WL 4621449, at *4. The Court therefore **RECOMMENDS** that Plaintiff's Motion to Amend be **DENIED** as futile.

### IV. RECOMMENDATION

After thoroughly reviewing the record, the undersigned **RECOMMENDS** that Defendants Lumme and Downs's Motion to Dismiss and Defendants Gatlin, Spence, and

6

Baker's Motion to Dismiss be **GRANTED IN PART** as to the *Rooker-Feldman* ground therein. As a result, the Court **RECOMMENDS** Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. The Court **RECOMMENDS** that the remaining grounds in Defendants Lumme and Downs's Motion to Dismiss and Defendants Gatlin, Spence, and Baker's Motion to Dismiss be **DENIED IN PART AS MOOT.** Further, the Court **RECOMMENDS** that all remaining Motions to Dismiss be **DENIED AS MOOT.**

The Court also **RECOMMENDS** that Plaintiff's Motion to Amend be **DENIED** as futile. Finally, the Court **RECOMMENDS** that all remaining Motions in this matter be **DENIED AS MOOT.**

## V. OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1415.

**SIGNED this 1st day of March, 2021.**

_____
JEFFREY C. MANSKE
UNITED STATES MAGISTRATE JUDGE